Citation Nr: 1546199 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 06-10 881 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUES

1. Entitlement to service connection for a skin disorder.

2. Entitlement to service connection for a stomach disorder.

3. Entitlement to service connection for hearing loss.

4. Entitlement to service connection for tinnitus.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

A. G. Alderman, Counsel


INTRODUCTION

The Veteran served on active duty from September 1974 to September 1978. He also had subsequent service in the United States Army Reserves. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Little Rock, Arkansas, which denied the benefits sought on appeal. 

A hearing, conducted by the undersigned Veterans Law Judge, was held at the RO in April 2007. A transcript of the hearing testimony is in the claims file. 

The Board remanded these matters in August 2007 and September 2009 for development. Pertinent to these claims, in October 2011, the Board denied the claims for service connection for a skin disorder and for a stomach disorder and remanded the hearing loss and tinnitus claims for additional evidentiary development. The Veteran appealed the Board's October 2011 denial of service connection for the skin and stomach disorder to the United States Court of Appeals for Veterans Claims (Court). In July 2012, the Court remanded the claims of entitlement to service connection for the skin disorder and the stomach disorder back to the Board for actions consistent with the terms of a July 2012 Joint Motion for Remand (JMR). The Court noted that its determination did not affect the Board's remand of the tinnitus and hearing loss claims. In May 2013, pursuant to the JMR, the Board remanded these matters for additional development. All development ordered has not been substantially completed. See Stegall v. West, 11 Vet. App. 268 (1998).

The current record before the Board consists entirely of electronic files known as Virtual VA and the Veterans Benefits Management System (VBMS).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Reasons for Remand: To ensure that all records have been obtained and to schedule a VA examination.

In the August 2007 and September 2009 Board remand orders, the Board ordered VA to assist the Veteran in obtaining service treatment records. The Board ordered the Appeals Management Center (AMC) to request records from the Records Management Center (RMC), National Personnel Records Center (NPRC), Army Reserve Personnel Center (ARPCEN), and any other appropriate entity. In the July 2012 JMR, the Court found VA failed to ensure that its actions substantially complied with a September 2009 Board remand and referred to the fact that VA only contacted the U.S. Army Human Resources Command and the NPRC, before issuing a formal finding that the Veteran's service treatment records were unavailable. In May 2013, the Board agreed with the JMR and found that its September 2009 remand instructions were not substantially complied with and ordered additional attempts to obtain the Veteran's complete service treatment records to include, at a minimum, contacting the ARPCEN and RMC, must be made.

On remand, the AMC again contacted the NPRC and U.S. Army Human Resources Command. It does not appear that attempts were made to obtain records from the RMC or ARPCEN. The AMC/RO did not explain why requests were not made to the RMC or ARPCEN. Accordingly, another remand is necessary to allow the RO/AMC to attempt to obtain service treatment records from the RMC and ARPCEN and/or allow the RO/AMC to explain why such requests to these identified sources are not necessary.

The Veteran seeks service connection for a stomach disorder. As noted in the May 2013 Remand, the July 2012 JMR found that VA erred in relying on a December 2009 VA examination in denying service connection for a stomach disorder. It was observed that the Veteran has claimed that his stomach disorder was related to his service-connected depressive disorder and posttraumatic stress disorder (PTSD). The examiner who conducted the December 2009 VA examination diagnosed the presence of gastroesophageal reflux and opined that the disorder was not directly caused by the Veteran's active duty service. The examiner did not provide any opinion as to whether there was an etiologic link between the diagnosed gastroesophageal reflux and the service-connected depressive disorder and PTSD. The JMR directed that the Board obtain a medical opinion which addresses the question of whether there is an etiologic link between the Veteran's service-connected mental disorders and his gastroesophageal reflux. Unfortunately, while the Board discussed the need for a VA examination, the Board failed to order the VA examination in the May 2013 remand directives and the AOJ did not infer the instruction from the narrative in the remand discussion. Therefore, a remand is required to schedule a VA examination to determine whether the stomach disorder is due to or has been aggravated by the Veteran's service-connected PTSD and depressive disorder.

Accordingly, the case is REMANDED for the following action:

1. Attempt to obtain the Veteran's service treatment records from ARPCEN and RMC. If attempts to obtain records from ARPCEN and/or RMC are deemed not necessary, provide a detailed explanation addressing why requests to these repositories are not necessary (e.g. repository does not exist, repository was mis-identified, identified repository is a synonym for NPRC or U.S. Army Human Resources Command, etc.). A formal finding/report must be associated with the claims file identifying the actions taken to obtain records from these repositories.

2. After accomplishing the above-requested action to the extent possible, the RO should inform the Veteran of the following: (a) the specific records the RO is unable to obtain; (b) the efforts that the RO made to obtain those records; (c) any further action to be taken by the RO with respect to the claim; and (d) that the Veteran is ultimately responsible for providing the evidence. The Veteran should then be given an opportunity to respond.

3. Associate updated VA treatment records with the electronic claims file.

4. After all records have been associated with the claims file, schedule a VA examination to determine the etiology of the Veteran's stomach disorder. The examiner must be provided access to the electronic claims file on Virtual VA and VBMS. The examiner must indicate review of the electronic claims in the examination report.

All necessary testing must be conducted. 

For each stomach disorder diagnosed, the examiner must opine whether it is at least as likely as not (50 percent or greater probability) related to service.

The examiner must also opine whether it is at least as likely as not (50 percent or greater probability) that the stomach disorder was caused by or has been aggravated by the Veteran's service-connected PTSD and/or depressive disorder.

"Aggravation" is defined for this purpose as a chronic, permanent worsening of the underlying condition, beyond its natural progression, versus a temporary flare-up of symptoms.

The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of conclusion as it is to find against it.

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. The examiner must address the Veteran's statements discussing the onset and symptoms of his disorder.

5. To help avoid future remand, the RO must ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. Stegall v. West, 11 Vet. App. 268 (1998).

6. Then, readjudicate the Veteran's claims on appeal. If the benefits sought on appeal remain denied, the Veteran and his representative should be provided a supplemental statement of the case. Allow an appropriate period of time for response.


The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).